David A. Cortman, GA Bar No. 188810*
dcortman@adflegal.org
Ryan J. Tucker, AZ Bar No. 034382*
rtucker@adflegal.org
Jeremiah J. Galus, AZ Bar No. 030469*
jgalus@adflegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020

Julie Blake, DC Bar No. 998723*
jblake@adflegal.org
Andrea Dill, DC Bar No. 1719500*
adill@adflegal.org
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690

Dean R. Broyles, Esq., CA Bar No. 179535
dbroyles@nclplaw.org
NATIONAL CENTER FOR LAW & POLICY
539 West Grand Ave.
Escondido, CA 92025
(760) 747-4529

Mariah Gondeiro, Esq. CA Bar No. 323683
mgondeiro@faith-freedom.com
Julianne Fleischer, Esq. CA Bar No. 337006
jfleischer@faith-freedom.com
ADVOCATES FOR FAITH & FREEDOM
25026 Las Brisas Road
Murrieta, California 92562
(951) 600-2733

*Admitted Pro Hac Vice*
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHURCH OF COMPASSION**, a California Non-Profit Corporation, **DAYSPRING CHRISTIAN LEARNING CENTER**, a subsidiary of the CHURCH OF COMPASSION,<br><br>Plaintiffs,<br><br>vs.<br><br>**KIM JOHNSON**, in her official capacity as the Director of the California Department | Case No.: 3:23-cv-00470-AGS-WVG<br><br>**PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR BRIEFING AND HEARING ON MOTION FOR EXPEDITED DISCOVERY**<br><br>Date:          N/A<br>Time:         N/A<br>Courtroom:  5C |

1

of Social Services; **JESSIE ROSALES**, in his official capacity as the Chief of the Child and Adult Care Food Programs, a division of the California Department of Social Services; **SEAN HARDIN**, in his official capacity as the Acting Chief of the Child and Adult Care Food Programs, a division of the California Department of Social Services; **THOMAS VILSACK**, in his official capacity as Secretary of the U.S. Department of Agriculture; and **UNITED STATES DEPARTMENT OF AGRICULTURE**.

Defendants.

Last week Plaintiffs' counsel agreed to move the preliminary injunction hearing date from June 30 to August 11 to give State Defendants more time to prepare a response to that motion. Lead counsel for State Defendants said she would be on vacation June 9 to 18 and would not have enough time for drafting and client review. So as a matter of professional courtesy, Plaintiffs' counsel agreed "to accommodate [the] scheduling conflicts created by the State Defendants' counsel's upcoming vacation." (Doc. 20 at 4.)

Regrettably, State Defendants have repaid that courtesy by filing a motion for expedited discovery and asking this Court to order Plaintiffs to respond to their motion in just three days. (Doc. 23 at 2.) But no party has a right to discovery at this early stage of the litigation. Nor do State Defendants need it to oppose the preliminary injunction motion. As Plaintiffs' opposition will explain, the preliminary injunction motion consists mainly of legal issues. And State Defendants have *already* kicked the Church and Dayspring out of the Food Program, so the facts on which State Defendants based that decision are already available to them.

For now, Plaintiffs simply ask that some measure of professional courtesy be returned to them. Three days is not a reasonable, or fair, amount of time to respond to State Defendants' motion. Besides having other ongoing litigation matters and assignments that must be attended to, undersigned counsel is in the middle of preparing

2

Plaintiffs' Opposition to State Defendants' Ex Parte Application

a separate federal lawsuit that the client expects to be filed by early next week. What's more, State Defendants did not file their motion until 11 days after Plaintiffs filed their preliminary injunction motion, the event State Defendants say they learned of their purported need for discovery. And State Defendants *stipulated* to the revised preliminary-injunction briefing schedule just a few days ago. (Doc. 20 at 4.) So they should not now be able to complain that this Court's rules ordinarily would require their discovery motion to be heard at the earliest "four days after" their preliminary injunction opposition "is due." (Doc. 23 at 2.) That timing issue was known to them when they entered the stipulation.

Given all the above, Plaintiffs request that they be given at least 10 days to prepare and file their opposition to State Defendants' motion for expedited discovery, making their opposition due June 23.

Dated: June 14, 2023                          Respectfully submitted,

ALLIANCE DEFENDING FREEDOM

/s/Jeremiah J. Galus
Jeremiah J. Galus*
Attorneys for Plaintiffs

Case 3:23-cv-00470-AGS-WVG   Document 24   Filed 06/14/23   PageID.428   Page 4 of 4

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, service of the foregoing Plaintiffs' Opposition to State Defendants' Ex Parte Application for Order Shortening Time for Briefing and Hearing on Motion for Expedited Discovery was made by way of the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 14, 2023                /s/Jeremiah J. Galus
                                    Jeremiah J. Galus
                                    Attorney for Plaintiffs

Plaintiffs' Opposition to State Defendants' Ex Parte Application