David A. Cortman, GA Bar No. 188810*
dcortman@adflegal.org
Ryan J. Tucker, AZ Bar No. 034382*
rtucker@adflegal.org
Jeremiah J. Galus, AZ Bar No. 030469*
jgalus@adflegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020

Julie Blake, DC Bar No. 998723*
jblake@adflegal.org
Andrea Dill, DC Bar No. 1719500*
adill@adflegal.org
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690

Dean R. Broyles, Esq., CA Bar No. 179535
dbroyles@nclplaw.org
NATIONAL CENTER FOR LAW & POLICY
539 West Grand Ave.
Escondido, CA 92025
(760) 747-4529

Mariah Gondeiro, Esq. CA Bar No. 323683
mgondeiro@faith-freedom.com
Julianne Fleischer, Esq. CA Bar No. 337006
jfleischer@faith-freedom.com
ADVOCATES FOR FAITH & FREEDOM
25026 Las Brisas Road
Murrieta, California 92562
(951) 600-2733

*Admitted Pro Hac Vice*
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHURCH OF COMPASSION**, a California Non-Profit Corporation, **DAYSPRING CHRISTIAN LEARNING CENTER**, a subsidiary of the CHURCH OF COMPASSION,<br><br>Plaintiffs,<br><br>vs.<br><br>**KIM JOHNSON**, in her official capacity as the Director of the California | Case No.: 3:23-cv-00470-AGS-WVG<br><br>**PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: 5C |

i

Department of Social Services; **JESSIE ROSALES**, in his official capacity as the Chief of the Child and Adult Care Food Programs, a division of the California Department of Social Services; **SEAN HARDIN**, in his official capacity as the Acting Chief of the Child and Adult Care Food Programs, a division of the California Department of Social Services; **THOMAS VILSACK**, in his official capacity as Secretary of the U.S. Department of Agriculture; and **UNITED STATES DEPARTMENT OF AGRICULTURE**.

Defendants.

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD ..................................................................................................... 1

ARGUMENT .................................................................................................................. 2

    I. Expedited discovery is not needed to resolve Plaintiffs' motion for preliminary injunction. ............................................................................................. 2

        A. Discovery into every Church employee is not needed because Plaintiffs' motion does not claim every employee is "ministerial." ................................... 2

        B. Whether the government can require a church to hire nonbelievers for ministerial or non-ministerial positions is a pure legal question ........................ 3

        C. State Defendants already have the information for which they decided to exclude Plaintiffs. ............................................................................................ 5

    II. The requested discovery would unfairly prejudice Plaintiffs................................. 5

        A. The requested discovery seeks confidential information and would entangle the government in the Church's internal affairs. ................................ 6

        B. Granting the requested discovery could cause the preliminary injunction hearing to be delayed again. ............................................................................. 7

CONCLUSION ............................................................................................................... 8

CERTIFICATE OF SERVICE ...................................................................................... 10

## INTRODUCTION

State Defendants' request for expedited discovery into every employee at the Church of Compassion and its preschool, Dayspring Christian Learning, is unwarranted and improper for many reasons.

*First*, Plaintiffs' motion for preliminary injunction does not assert that all the Church and Dayspring's employees are "ministers," so there is no need for the Court to conduct a position-by-position analysis. With that clarification, the parties agree expedited discovery is not necessary. *See* ECF No. 28 at 3 (State Defendants noting that if "some of [Plaintiffs'] employees are non-ministerial, then discovery may not be necessary at this stage of the proceedings"). *Second*, the preliminary injunction motion presents pure legal issues that can be resolved without further factual development. Whether State Defendants can condition participation in a federal food program on a church agreeing to hire those who do not share its religious beliefs is a legal question, not a factual one. *Third*, this lawsuit involves a post-enforcement challenge to State Defendants' already-made decision to exclude the Church and Dayspring from the food program. The information and facts on which that decision was made are already available to them. *Finally*, the requested discovery would unfairly prejudice Plaintiffs by impermissibly intruding on internal church affairs, interfering with their associational rights, and risking further delay of the preliminary injunction hearing and thereby prolonging the constitutional violation.

Given all this, the Court should deny the motion for expedited discovery.

## LEGAL STANDARD

"A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery." *Wedge Water LLC v. Ocean Spray Cranberries, Inc.*, No. 21-cv-0809-GPC(BLM), 2021 WL 2138519, at *2 (S.D. Cal. May 26, 2021). In the Ninth Circuit, courts do not allow early discovery without "good cause." *Synopsys, Inc. v. AzureEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1076 (S.D. Cal. 2019). "Good cause

1

may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*. (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Factors considered include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the requests [were] made." *Wedge Water LLC*, 2021 WL 2138519, at *2 (cleaned up). A request for expedited discovery "is not automatically granted merely because a party seeks a preliminary injunction." *Id*. Courts instead "examine the reasonableness of the request in light of all the surrounding circumstances." *Id*. (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)). Moreover, "[e]xpedited discovery is not the norm," *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000), so motions requesting it "should be granted only in exceptional circumstances," *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021).

## ARGUMENT

**I.  Expedited discovery is not needed to resolve Plaintiffs' motion for preliminary injunction.**

**A.  Discovery into every Church employee is not needed because Plaintiffs' motion does not claim every employee is "ministerial."**

To begin, the Court can (and should) deny the motion for expedited discovery because State Defendants filed it based on a mistaken premise. State Defendants claim they need "information about *all* [Plaintiffs'] employees because, if any employee is not a 'minister,' then the ministerial exception does not apply to fully shield Plaintiffs." ECF No. 22 at 5. But the preliminary injunction motion does not contend that all the Church and Dayspring's employees are "ministers." To the contrary, it recognizes some are not. That is why the motion argues that the Church and Dayspring have a

2

Plaintiffs' Opposition to State Defendants' Motion for Expedited Discovery

right to hire coreligionists for *all* positions, including non-ministerial ones. ECF No. 17-1 at 21–23.

By clarifying that the preliminary injunction motion contemplates Plaintiffs having both ministerial and non-ministerial employees, the parties agree that no expedited discovery is needed. *See* ECF No. 28 at 3 (State Defendants noting that if "some of [Plaintiffs'] employees are non-ministerial, then discovery may not be necessary at this stage of the proceedings").

**B.     Whether the government can require a church to hire nonbelievers for ministerial or non-ministerial positions is a pure legal question.**

In any event, the Court should deny the request for expedited discovery because the preliminary injunction motion mainly involves legal issues that can be resolved without further factual development. The motion contends that Defendants had no authority for their SOGI Rules because federal law does not authorize imposing any SOGI requirements on program particpants, state officials are forbidden under federal regulation to impose any additional state conditions on program participation, and, regardless, any enforcement of the challenged SOGI Rules violates Plaintiffs' free-exercise, free-speech, and expressive-association rights, as well as their rights under the APA. Yet State Defendants' requested discovery has no relevance to these legal claims and arguments. Instead, State Defendants try to justify their request by noting that the free-exercise claim relies "in part" on the ministerial exception. ECF No. 22 at 4.

But as just explained, Plaintiffs' partial reliance on the ministerial exception does not warrant deviating from standard discovery rules and practice. Because the preliminary injunction motion contemplates both ministerial and non-ministerial positions, there is simply no need for the the Court "to comprehensively identify all the types of workers [Plaintiffs] employ." ECF No. 22 at 5. Nor must the Court attempt to delineate "the details and circumstances of each employees' work." *Id*.

The truth is that addressing Plaintiffs' ministerial-exception argument is not so complicated. It presents a pure legal question: Can the government insist on regulating

3

Plaintiffs' Opposition to State Defendants' Motion for Expedited Discovery

a church's ministerial employment decisions as a condition to participating in a federal food program? The question practically answers itself. *See Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171 (2012); *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049 (2020). Yet State Defendants still seek expedited discovery because, in their view, applying the ministerial exception "requires a factual analysis as to the employees in question." ECF No. 22 at 4. But this, too, misunderstands the scope of Plaintiffs' legal argument. Plaintiffs' argument does not hinge on which employees—or how many—are "ministers." All that matters is that the Church and Dayspring have at least *some* ministerial employees—a fact that cannot reasonably be disputed. Indeed, the preliminary injunction motion establishes that the Church is led by a pastor, Wade Decl. ¶ 2, ECF No. 17-2, and that Dayspring's teachers perform "vital religious duties," including "[e]ducating and forming students in the [Christian] faith," *Our Lady of Guadalupe*, 140 S. Ct. at 2066; *see* Wade Decl. ¶¶ 21–22 (Dayspring teachers "have religious and theological teaching responsibilities, including reading and explaining Bible stories to students," "lead[ing] the students in Christian songs worshipping God," and "pray[ing] with the students").

That is more than enough to present, and resolve, the relevant legal question. Because knowing the precise number and categories of ministerial employees will not alter the legal analysis or conclusion, the motion for expedited discovery should be denied.[1]

---

[1] Moreover, the Court could refrain from reaching the ministerial-exception argument altogether if it determines Plaintiffs are likely to succeed on their claim that they have the right to prefer coreligionists for all positions (ministerial and non-ministerial).

4

Plaintiffs' Opposition to State Defendants' Motion for Expedited Discovery

### C. State Defendants already have the information for which they decided to exclude Plaintiffs.

The request for expedited discovery should denied for another reason: State Defendants have already had the chance to find out Plaintiffs' employment practices when determining their eligibility for the food program.

State Defendants ignore that this lawsuit is a *post*-enforcement challenge to their decision to exclude Plaintiffs from the food program. At the time, State Defendants explained that they excluded the Church and Dayspring because "Church of Compassion requires all employees to read and abide by a staff handbook" that includes the Church's religious beliefs about human sexuality. ECF No. 16-10 at 2–3. And State Defendants concluded that such "employment practices" violate state and federal requirements prohibiting discrimination based on sexual orientation and gender identity. *Id.* at 3.

Because State Defendants have already made their decision, and reached their legal conclusion, they have all the facts and information that they need. They cannot now seek expedited discovery to defend what they did months ago. "Government justifications for interfering with First Amendment rights must be genuine, not hypothesized or invented *post hoc* in response to litigation." *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2432 n.8 (2022) (cleaned up).

## II. The requested discovery would unfairly prejudice Plaintiffs.

Finally, whatever purported "need" State Defendants may have for their requested discovey does not "outweigh[] the prejudice to the [Plaintiffs]." *Synopsys, Inc.*, 401 F. Supp. 3d at 1076. Besides asking the Church and Dayspring to disrupt their daily ministries to respond to interrogatories and document requests under a very compressed schedule, the requested discovery would intrude into the Church's internal affairs and violate the First Amendment in its own right.

### A. The requested discovery seeks confidential information and would entangle the government in the Church's internal affairs.

State Defendants are demanding that, among other things, the Church and Dayspring: (1) disclose every employee's "full name, address, and phone number"; (2) identify every employee "who is also a member" of the Church; (3) describe every employee's "job duties," "requirements," and "religious functions"; and (4) identify every employee that Plaintiffs "claim falls within the ministerial exemption." ECF No. 22-1 at 7–8. They also are demanding that the Church and Dayspring turn over "all documents" describing every employee's "religious functions." ECF No. 22-1 at 14.

This is improper and burdensome. The Church and Dayspring do not have to prove that each employee is a "minister" to prevail on their motion. Nor should the government be able to demand each employee's name, address, and phone number simply because the Church and Dayspring wish to exercise their constitutional rights. That information is not relevant to the preliminary injunction motion and could be used to threaten or harass those employees for merely associating with the Church.

What's more, the requested discovery would needlessly intrude into the Church's internal affairs in violation of the First Amendment. The Church has a constitutional right to *not* disclose the names and identities of its members and parishioners to the government. *See, e.g.*, *Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2388 (2021) ("Our cases have said that disclosure requirements can chill association even if there is no disclosure to the general public.") (cleaned up). And the Supreme Court has cautioned that the "very process of inquiry" by the government into the employment practices of religious schools can "impinge on rights guaranteed by the Religion Clauses." *NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490, 502 (1979). This is especially so when, as here, the government seeks to investigate whether a position is sufficiently "religious" to merit First Amendment protection. Indeed, "[t]he prospect of church and state litigating in court about what does or does not have religious meaning

6

Plaintiffs' Opposition to State Defendants' Motion for Expedited Discovery

1 touches the very core of the constitutional guarantee against religious establishment." *New York v. Cathedral Academy*, 434 U.S. 125, 133 (1977).

Yet that is precisely what State Defendants are wanting to do. Their discovery requests demand information about every employee's "religious functions," "duties," and "requirements," ECF No. 22-1 at 7, presumably so that State Defendants can decide for themselves which employees are "ministers" and which are not. This runs headlong into the First Amendment.

In *Corporation of Presiding Bishop of the Church of Jesus Christ of Latter-day Saints v. Amos*, the Supreme Court determined that it would be unconstitutional for the government to unilaterally decide whether an employee's duties were religious or secular. 483 U.S. 327 (1987). The lower court there had held that a "building engineer" for a church gymnasium performed secular activities and functions, not religious ones. *Id*. at 332. Reversing the lower court, the Court noted that forcing a religious organization "to predict which of its activities a secular court will consider religious" imposes a "significant burden" on the organization and "might affect the way [it] carried out what it understood to be its religious mission." *Id*. at 336. The Court explained that the line between religious and secular "is hardly a bright one," and concluded that a religious organization "might understandably be concerned" that courts "would not understand its religious tenets and sense of mission." *Id*.

As that case (and many others) recognize, determining "what is a 'religious' belief or practice is more often than not a difficult and delicate task." *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 714 (1981). Yet State Defendants invite this Court to wade into that legal thicket. Because there is no need to do, the Court should reject the invitation.

**B.   Granting the requested discovery could cause the preliminary injunction hearing to be delayed again.**

As the Court is aware, Plaintiffs have already agreed to move the preliminary injunction hearing date from June 30 to August 11. They did so as a courtesy to State

7

Plaintiffs' Opposition to State Defendants' Motion for Expedited Discovery

Defendants' lead counsel, who said an upcoming summer vacation would not give her enough time to draft a response to the preliminary injunction motion and to seek client review and approval. The hearing date was thus moved "to accommodate [the] scheduling conflicts created by the State Defendants' counsel's upcoming vacation." ECF No. 20 at 4.

Plaintiffs did not agree to move the hearing date so that they could then face expedited and intrusive discovery. If State Defendants did not have enough time to prepare their response to the preliminary injunction motion, then they should not have had the time to prepare written discovery requests, draft a motion for expedited discovery, and then file an ex parte application during that same timeframe. But apparently they did. Now State Defendants are threatening to seek another extension of their opposition deadline—a date that they stipulated to—if the Court grants their motion for expedited discovery. *See* ECF No. 28 at 3 ("reserv[ing] the right to request additional time to file an opposition to the PI Motion"). So State Defendants seem to be maneuvering for even more delay, even though Plaintiffs moved the hearing date in good faith and already agreed to give them five weeks to prepare their preliminary injunction papers. All the while State Defendants insist on excluding the Church and Dayspring from the food program because of they dislike their religious beliefs and practices.

Because the loss of constitutional rights "for even minimal periods of time . . . constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976), the Court should avoid the risk of further delay and deny State Defendants' motion for this reason as well.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court deny State Defendants' motion for expedited discovery.

| | | |
|---|---|---|
| 1 | Dated: June 23, 2023 | Respectfully submitted, |
| 2 | | ALLIANCE DEFENDING FREEDOM |
| 4 | | /s/Jeremiah J. Galus |
| | | Jeremiah J. Galus* |
| 5 | | Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, service of the foregoing Plaintiffs' Opposition to State Defendants' Motion for Expedited Discovery was made by way of the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 23, 2023        /s/Jeremiah J. Galus
                                            Jeremiah J. Galus
                                            Attorney for Plaintiffs